IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIMBERLY DARO,<br><br>              Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation;<br><br>              Defendant. | 4:20CV3087<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on Plaintiff Kimberly Daro's motion for an extension of the expert disclosure deadline set in the final progression order for this case. (Filing No. 42). Defendant Union Pacific Railroad Company (Union Pacific) opposes the motion, arguing that Plaintiff has not adequately briefed her motion,[1] that she missed the deadline to timely disclose expert witnesses, and there is no good cause for the extension. (Filing No. 43). Plaintiff filed reply brief and a "supplemental submission" regarding the pending motion (Filing No. 46, Filing No. 47), and Defendant has requested an expedited ruling on Plaintiff's motion to extend (Filing No. 48).

      Filing No. 47 is construed as a motion to supplement the briefing on Plaintiff's motion to extend. Plaintiff's supplemental submission is accepted and Filing No. 42 is now fully submitted. For the following reasons, Plaintiff's motion to extend will be denied, and Defendant's motion for an expedited ruling (filed today) will be denied as moot.

---

[1] See Filing No. 43 at CM/ECF pp. 2-3.

BACKGROUND

The deadlines for Plaintiff's complete expert disclosures for all experts expected to testify at trial were:

        For the plaintiff:         July 15, 2022
        For the defendant:      August 15, 2022
        Plaintiff's rebuttal       August 29, 2022.

Filing No. 37.

On August 22, 2022, Plaintiff filed a motion requesting a sixty (60) day extension of the expert disclosure deadline. The motion, which consists of only the declaration of Plaintiff's counsel, states that Plaintiff has been diagnosed with Chronic Regional Pain Syndrome ("CRPS") and her doctors recommended she attend and participate in a three-week in-patient treatment program in Tampa, Florida.[2] The declaration states Plaintiff was part-way through the program at the time of the motion and she intended to complete it and return home to continue treating with local doctors and other healthcare personnel.

The motion indicates "Plaintiff has previously identified and provided [to Defendant] medical records" from several doctors, identified in the motion. (Filing No. 42). She requested the opportunity for the doctors "to supplement their reports as new information becomes available." (Filing No. 42 at CM/ECF p. 4). Plaintiff asserts neither party will suffer any adverse impact if the motion is granted because the case is not yet set for trial.

---

[2] In her initial filings, Plaintiff indicates a recommendation for a three-week inpatient program administered by Dr. Stephen D'Amato at the Calmar Clinic in Tampa, Florida (Filing No. 42), but later filings indicate Dr. D'Amato's Calmar Clinic is in Bonita Springs, Florida and the treatments lasted approximately two weeks. (Filing No. 46 at CM/ECF pp. 1-2). Despite the discrepancies, it appears that the references are to the same CRPS treatment and provider, with multi-week treatments taking place in southern Florida.

Union Pacific opposes the motion because Plaintiff did not disclose any expert reports or request an extension prior to the expiration of Plaintiff's July 15, 2022 expert disclosure deadline.

Plaintiff filed a reply brief on September 13, 2022 and on September 28, 2022, Plaintiff filed an additional document, titled "Plaintiff's Supplemental Submission re: Her Motion for Brief Extension of Expert Disclosure Date FRCP 6." (Filing No. 47). Plaintiff lists "newly discovered evidence" including an additional prescription for another session of therapy because "Although her condition initially improved, the disabling condition has returned." (Filing No. 47, Filing No. 47-1 at CM/ECF p. 1-2). A second prescription dated September 26, 2022 prescribes a "Return for Scrambler Therapy Booster sessions when pain level increases above 'tolerable' level." (Filing No. 47-1 at CM/ECF p. 3). Both prescriptions are from Calmar Pain Relief Therapy, signed by Dr. Stephen D'Amato. (Filing No. 47-1).

ANALYSIS

Fed. R. Civ. P. 26(a)(2)(B) requires parties designating expert witness testimony to disclose a report containing a complete statement of all opinions the witness will express and the basis for them. Fed. R. Civ. P. 26(a)(2)(D) requires parties to "make these disclosures at the times and in the sequence that the court orders."

This court has entered case management orders setting progression deadlines in this case, the most recent was filed after conferring with the parties on February 16, 2022. (Filing No. 37). Adherence to progression order deadlines is critical to achieving the primary goal of the judiciary: "to serve the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. Case progression

deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

While a "district court has broad discretion in establishing and enforcing the deadlines," the good cause standard in Rule 16(b)(4) is not optional. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008), citing Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements. . . . , [but the] 'existence or degree of prejudice to the party opposing the modification' and other factors may also affect the decision." Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001). In general, the court will not consider prejudice, or the lack thereof, if the movant has not been diligent in meeting the scheduling order's deadlines. Sherman, 532 F.3d at 716-17. The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only following a requisite threshold finding of due diligence. Id.; Marmo, 457 F.3d at 759.

Plaintiff did not disclose any expert witness reports on or before the complete expert disclosure deadline and did not move to extend any deadlines prior to the July 15, 2022 deadline. Plaintiff's motion, filed August 22, 2022, states that she "previously identified and provided medical records" from multiple doctors, but did not indicate why the Rule 26 reports from any of the identified doctors could not have been provided on or before the deadline.

4

Plaintiff's reply brief indicates she has undergone several different treatments, including implantation of a pain stimulator in August 2019 to treat Chronic Regional Pain Syndrome (CRPS). The reply brief states:

> The stimulator helped to a degree, but when the Plaintiff's condition did not improve, her doctors in Denver and North Platte recommended she participate in a two-week session of therapy at Dr. Stephan D'Amato's clinic in Bonita Springs, Florida. Before she could attend the therapy, however, Ms. Daro first had to have the pain stimulator removed, in Denver. The stimulator was accomplished on June 28th of this year.
>
> Ms. Daro then traveled to Dr. D'Amato's Clinic in Florida in August (last month) and participated in a series of treatments lasting approximately two weeks. At first, she had significant relief from her pain, but unfortunately, her pain has returned. Ms. Daro has been advised to wait six weeks to determine the success of the most recent series of treatments. From a practical standpoint, Dr. D'Amato's office has recommended she return to the Clinic and undergo the treatment again, which he'll explain is not unusual.

(Filing No. 46 at CM/ECF p. 1-2).

Although Plaintiff's documents do not indicate the date any of the treatments were prescribed, it can be inferred from Plaintiff's submissions that the treatment in Florida was anticipated prior to the removal of the pain stimulator, which took place in June 2022, prior to the expiration of the expert disclosure deadline. Thus, Plaintiff has not shown why she could not have moved for an extension of the deadline prior to July 15, 2022. Further, there is no indication that a new, unanticipated treatment modality was prescribed after July 15, 2022, thereby perhaps justifying an extension of the case progression deadlines based upon newly discovered evidence.

This court is bound by the Eighth Circuit's ruling in Petrone v. Werner Enterprises, Inc., 940 F.3d 425, 434 (8th Cir. 2018). Interpreting Rule 16, Petrone

5

held the trial court committed reversible error by permitting the late disclosure of new expert opinions after the court-imposed deadline where the disclosing party failed to show good cause for the untimely disclosure. As applied to this lawsuit, upon review of the limited information provided, the court cannot find there is good cause to extend or reopen the expert disclosure deadline. The plaintiff has failed to prove due diligence in meeting the expert disclosure deadlines within the court's progression order. She has therefore failed to make a showing of good cause to extend those deadlines and permit Plaintiff's proposed late disclosure of expert witnesses.

Accordingly,

IT IS ORDERED:

1) Plaintiff's motion to extend the expert disclosure deadlines is denied. (Filing No. 42).

2) Filing No. 47, construed as a motion to supplement the record is granted and it has been considered in support of Filing No. 42.

3) Defendant's motion for expedited ruling is denied as moot. (Filing No. 48).

Dated this 5th day of October, 2022.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge